**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEAN PLUVIOSE AND OTHERS**
**SIMILARLY SITUATED,**

        **Plaintiffs,**

-vs-                               **Case No. 6:08-cv-10-Orl-31KRS**

**AMERICAN COACH LINES OF**
**ORLANDO, INC.,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Certify Class (Doc. 36) filed by the Plaintiff, Jean Pluvoise ("Pluvoise"), the memorandum in opposition (Doc. 45) filed by the Defendant, American Coach Lines of Orlando, Inc. ("ACLO"), and additional responses (Doc. 49, 54) filed by both parties to this Fair Labor Standards Act ("FLSA") case. Pluvoise contends that, while he was employed as a bus driver, the Defendant failed to pay him the required time-and-a-half for overtime. He contends that it was ACLO's policy not to pay overtime to its drivers, and therefore seeks to make this a collective action under the FLSA and mail out notices to potential opt-in plaintiffs.

29 U.S.C. § 216(b) provides that an action to recover liability for failure to pay overtime under the FLSA may be maintained against an employer "by any one or more employees for and in behalf of himself or themselves and any other employees similarly situated." Within this Circuit, district courts are encouraged but not required to adopt a two-tiered approach to certification of

classes in an FLSA case. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). Under this two-tiered approach, the court's initial decision to certify a class comes early in the case. It is based primarily on pleadings and affidavits, and the Court applies a "fairly lenient standard" for determining whether the plaintiffs are truly similarly situated. *Anderson v. Cagle's Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). The second decision, which typically occurs after discovery is largely complete (and which is typically triggered by the defendant's motion to decertify the class), is based on much more information and a less lenient "similarly situated" standard. *Id.* At the second stage, courts consider a number of relevant factors, such as disparate factual and employment settings of the individual plaintiffs, defenses available to the defendant that may be individual to each plaintiff, and fairness and procedural considerations. *Id.*

ACLO objects to the class certification and the proposed notice (Doc. 36-2), primarily on the grounds that Pluvoise has not adequately defined the class or shown that they are similarly situated. In his motion, Pluvoise identifies the class as "intrastate[1] bus drivers," which he appears to define as bus drivers

> who were only involved in intrastate transportation and at no point did they ever travel to any port or airport to pick up or drop off any passengers, nor were [they] ever placed on notice to do so.

(Doc. 36 at 1-2). Pluvoise also says the class members "were compensated by the hour," "worked in excess of forty hours per week," and "did not receive overtime compensation for all hours worked over forty hours per week." (Doc. 36 at 1). It is not altogether clear whether this is a further limitation on membership in the class or a description of facts common to all its members.

---

[1] The parties agree that interstate bus drivers are exempt from coverage under the FLSA.

ACLO argues that the class is not sufficiently defined, in that Pluvoise describes it differently in different documents, or at least is unclear as to the precise definition (such as whether it includes drivers who were sometimes paid hourly but sometimes paid a flat fee for a charter).  In his reply memorandum, Pluvoise responds by modifying the definition of "intrastate bus driver".  Rather than the definition utilized above, which focuses simply on whether the driver made trips to a port or airport, Pluvoise proposes a class that excludes only those drivers who *provided transportation for "through-ticket" passengers arriving or departing from* a port or airport.

Presumably, this is in response to ACLO's second argument, which is that five of the approximately 20 current and former ACLO drivers who have filed written consents to join Pluvoise's suit since its filing made runs to a port or airport and therefore are not similarly situated to the other members of the class.  ACLO supports this argument with an affidavit and attached records from its human resources manager.  (Doc. 46-2).  Pluvoise contends that even drivers who made runs to ports or airports were not engaged in interstate commerce (and therefore *were* covered by the FLSA) so long as they were not transporting through-ticketed passengers at the time.  Counsel for Pluvoise also reports that he had scheduled a conference with the plaintiffs alleged to have made port and airport runs and would drop them from the suit if they said they had transported through-ticketed passengers during those runs.  (The conference was scheduled to occur on June 23; one opt-in plaintiff has withdrawn as of the date of this order.)

Finally, ACLO argues that Pluvoise has failed to show that there are any other members in the class he has attempted to define.  Although Pluvoise and a number of the other bus drivers who have consented to join filed affidavits as to their job responsibilities, they do not appear to match

up with the class definitions proposed by Pluvoise. For example, while the proposed class definitions describe job responsibilities that exclude trips to the airport or transportation of through-ticketed passengers, the affidavits of Pluvoise and others simply state that the driver "was not subject to being called upon to ... provide transportation to passengers moving in interstate commerce."

**IV.     Conclusion**

As things now stand, the class is insufficiently defined, it is not clear whether the plaintiffs' affidavits are enough to show that they are members of the class, and the form of notice, as a result, is ineffective. Based on its review of the motions and affidavits, the Court finds that the class of intrastate bus drivers should be defined as follows:

Bus drivers who were paid by the hour and who engaged only in intrastate transportation – *i.e.*, drivers who did not transport (1) "through-ticketed" passengers or (2) passengers otherwise traveling in interstate commerce, and were not subject to being called upon to do so.

Pluvoise and the other plaintiffs may submit new affidavits or, insofar as they believe their affidavits are sufficient to demonstrate that they are members of this class, they may continue to rely on them. In either event, Pluvoise should submit a new proposed form of notice (along with his new motion to certify a class) that squares up with this new class definition.[2]

In consideration of the foregoing, it is hereby

---

[2] ALCO had objections to the form of notice that went beyond the dispute over the definition of the class. In light of the disposition of the definition issue, and the requirement that Pluvoise file a new proposed form of notice, the Court declines to address those additional objections at this time.

**ORDERED** that the Motion to Certify Class (Doc. 36) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 29, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party