**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JEAN PLUVIOSE AND OTHERS
SIMILARLY SITUATED,**

            **Plaintiffs,**

**-vs-**                                       **Case No. 6:08-cv-10-Orl-31KRS**

**AMERICAN COACH LINES OF
ORLANDO, INC.,**

            **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **DEFENDANT'S MOTION FOR SANCTIONS (Doc. No. 125)**
>
> **FILED:**      **July 8, 2009**

**I.    BACKGROUND.**

    On May 18, 2009, Defendant American Coach Lines of Orlando, Inc. ("ACLO"), filed a motion to compel requesting that 112 Opt-in Plaintiffs respond to discovery, another 39 Opt-in Plaintiffs respond with better answers to interrogatories, and another 4 Opt-in Plaintiffs respond to document production requests. Doc. No. 104.

    Counsel for Plaintiffs indicated that some Opt-in Plaintiffs had failed to respond despite his requests. Doc. No. 112. He did not oppose an order compelling these Opt-in Plaintiffs to respond to the discovery requests. Counsel for Plaintiffs further indicated that, after review of discovery

produced by ACLO, he had determined that may Opt-in Plaintiffs were never part of the conditionally certified class. *Id.* at 3-4. He agreed to withdraw the consents to join for Opt-in Plaintiffs that were not part of the defined class. *Id.*

The Court granted the motion to compel on June 9, 2009, and ordered "that on or before June 30, 2009, these plaintiffs shall produce responsive documents and serve sworn answers, or supplemental answers, to the interrogatories at issue to the extent requested." Doc. No. 115 at 2. The Court admonished the parties that a "**[f]ailure to comply with this order within the time required may result in sanctions, including dismissal of the claim. Fed. R. Civ. P. 16(f).**" *Id.* (emphasis in original).

On June 24, 2009, counsel for Plaintiffs withdrew the consents to join filed by 68 Opt-in Plaintiffs, without explaining whether these were individuals who never belonged in the class or individuals who had abandoned the litigation. Doc. No. 122.

On July 8, 2009, ACLO filed the instant motion seeking to strike the consents to join filed by an additional 54 Opt-in Plaintiffs due to their failures to respond to discovery. ACLO also asked the Court to dismiss the claims of 9 additional Opt-in Plaintiffs because they failed to respond completely to the discovery requests as required by my order. Finally, ACLO seeks an award of the reasonable expenses, including attorney's fees, it incurred in filing the present motion.

Counsel for Plaintiffs filed an amended response consenting in part and objecting in part to the motion for sanctions. Doc. No. 130. He submits that Opt-in Plaintiffs Marcelin Blaise, Carl Jacques, Justin Pierre, and Enrique Cruz provided supplemental discovery responses, albeit nearly one month after the date required by my order. *Id.* He does not oppose the relief requested as to the other Opt-in Plaintiffs. *Id.*

## II. ANALYSIS.

*A. Opt-in Plaintiffs Whose Consents to Join Have Been Withdrawn.*

As noted above, counsel for Plaintiffs withdrew the consents to join the case by the following Opt-In Plaintiffs:

| | | | | | |
|---|---|---|---|---|---|
| 1. | Bonnie Abbott | 4. | Miguel Garcia | 7. | Melvin Monterosa |
| 2. | Jimmy Alcius | 25. | Wagner Georges | 48. | Samuel Morehead |
| 3. | Porfirio Andino | 26. | Confesor Gomez | 49. | Michael Murphy |
| 4. | Pierre Antoine | 27. | Eliasin Gonzalez | 50. | Leroy Nelson |
| 5. | Iluminada Aponte | 28. | Margarita Gonzalez | 51. | Roberto Nieves |
| 6. | Franklin Barrios, Jr. | 29. | Emma Heim | 52. | Nelson Ortiz |
| 7. | Lawrence Bronson | 30. | Delmond Hendry | 53. | Victor Pena |
| 8. | Tina Broome | 31. | David Holland, Jr. | 54. | Vionel Pochette |
| 9. | Apolinar Cabrera | 32. | Raymond Hudson | 55. | Jean Riche |
| 10. | Jared Calhoun | 33. | Anita Johnson | 56. | Javier Rivera |
| 11. | Robert Coggins | 34. | Charles Johnson | 57. | Michell Russell |
| 12. | Ernest Corvo | 35. | Walder Johnson | 58. | Calus Saint-George |
| 13. | Elizabeth Cunningham | 36. | Guerlyn Joseph | 59. | Basim Salahud-Din |
| 14. | Joaquin Diaz | 37. | Troy Lea | 60. | Karl Shafer |
| 15. | Gerald Edwards | 38. | Basil Llewelyn | 61. | Yuwel Stratman |
| 16. | Lawrence Edwards | 39. | Tanya Lopez | 62. | Erneau Tercier |
| 17. | Mandy Ellington | 40. | Veniel Louis | 63. | Brenda Turnbull |
| 18. | Christopher Farrell | 41. | Idel Martinez | 64. | Rumaldo Urbaez |
| 19. | Damien Felton | 42. | Dunoy Metelus | 65. | Reinaldo Vasquez |
| 20. | Jack Fernandez | 43. | David McLean | 66. | Reginald Virgil |
| 21. | Efrain Ferrer | 44 | Walter McNeal | 67. | Thomas White |
| 22. | Jean Fleurvil | 45. | Wendy Miller | 68. | Claude Zamor |
| 23. | Lyonel Francois | 46. | Ronnie Mitchell | | |

Accordingly, I recommend that the Court **STRIKE** the consents to join filed by these Opt-in Plaintiffs and **DISMISS** their claims without prejudice.

B. *Opt-In Plaintiffs Who Have Not Complied with the Order Compelling Discovery.*

ACLO contends that "54 Plaintiffs in total have failed to provide any responses to Defendant's discovery requests, and therefore have failed entirely to comply with this Court's Order. Of those 54 Plaintiffs, 46 were on the list of 49 whom Plaintiffs identified as persons whom Plaintiffs' counsel 'has not received any communication from . . .' (See D.E. 123)." Doc. No. 125 at 3. Accordingly, ACLO seeks to strike the consents for the following Opt-in Plaintiffs:

| | | | | |
|---|---|---|---|---|
| 1. | Fernando Aguilar | | 28. | Jennifer S. Patten |
| 2. | Patrick B. Allen | | 29. | Franck Paul |
| 3. | Noel Arroyo | | 30. | Jaipaul Persaud |
| 4. | Lenford Brown | | 31. | Sergot Pierre |
| 5. | Eric Ernst | | 32. | Jose Pinargote |
| 6. | Mario Etienne | | 33. | Dennis Rivera |
| 7. | Summer Fodrie | | 34. | Jose J. Rivera |
| 8. | Edgar G. Fonseca | | 35. | James L. Robinson |
| 9. | Melva Ford | | 36. | Elie Sainfils |
| 10. | Efrain Fred | | 37. | William Salmon |
| 11. | Enrique Grundler | | 38. | John E. Santiago |
| 12. | Eulogio H. Hernandez | | 39. | Cleveland Simon |
| 13. | Victor Hernandez | | 40. | Bonnie J. Snyder |
| 14. | Carlos Irizarry | | 41. | Bonnie Spivey |
| 15. | Brian Johnson | | 42. | Rodney Taylor |
| 16. | James Johnson | | 43. | Cristobal Torres |
| 17. | Poupy P. Josecite | | 44. | Tousner Valdor |
| 18. | Carmen Lebron | | 45. | German, Jr. Velez |
| 19. | Jaime Lira | | 46. | Dianna Wise |
| 20. | Gustavo Maldonado | | 47. | Marcos A. Cervantes |
| 21. | Max Mallebranche | | 48. | Anita Counts |
| 22. | Lewis S. Mason, Jr. | | 49. | Natalio R. Docanto |
| 23. | Osmaro Meralla | | 50. | Henri Dorsainvil |
| 24. | Donna Monsanto | | 51. | Sures Ramkhalaman |
| 25. | Victor L. Moore | | 52. | Jean Raphael |
| 26. | Angel Morales | | 53. | Francisco Romero |
| 27. | Rohit Naitram | | 54. | Jean Vertilus |

Counsel for Plaintiffs does not oppose this relief. Doc. No. 129. Accordingly, I respectfully recommend that the Court **STRIKE** the consents to join filed by these 54 Opt-in Plaintiffs and

**DISMISS** their claims without prejudice pursuant to Fed. R. Civ. P. 16(f) for their failures to comply with the Court's discovery orders.

  *C.*  *Opt-in Plaintiffs Who Did Not Provide Supplemental Discovery Responses*.

ACLO identifies nine additional Opt-in Plaintiffs that failed to supplement their responses as ordered by the Court, Doc. No. 125 at 5-6:

1. Marcelin Blaise
2. Scott Peters
3. Carol Robinson
4. Enrique Cruz
5. Carl Jacques
6. Shaikh A. Karim
7. Exilien Predelus
8. Ernest Lewis
9. Justin Pierre, Jr.

Counsel for Plaintiffs does not oppose this relief except as to Marcelin Blaise, Carl Jacques, Justin Pierre, and Enrique Cruz. Doc. No. 130. Accordingly, I recommend that the Court **STRIKE** the consents to join filed by Scott Peters, Carol Robinson, Shaikh A. Karim, Exilien Predelus and Ernest Lewis and **DISMISS** their claims without prejudice pursuant to Fed. R. Civ. P. 16(f) for their failures to comply with the Court's discovery orders. ACLO may file a renewed motion for sanctions as to Blasie, Jacques, Pierre, and Cruz after conferring with counsel for Plaintiffs in a good faith effort to resolve the question of whether the supplemental responses to discovery were sufficient.

*D.     Attorney's Fees and Costs.*

ACLO requests that the Court award it attorney's fees and costs in preparing its motion. Doc. No. 125 at 9. Rule 37(b)(2)(C) provides in relevant part that the Court "must order the disobedient part, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with the Court's Order.

Rule 37(b)(2)(A) sets forth sanctions for violation of a discovery order, including the following:

- (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

- (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

- (iii)   striking pleadings in whole or in part;

- (iv)   staying further proceedings until the order is obeyed;

- (v)    dismissing the action or proceeding in whole or in part;

- (vi)   rendering a default judgment against the disobedient party; or

- (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to" these sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

None of the Opt-in Plaintiffs whose claims I recommend be dismissed has provided substantial justification for failure to abide by the Court's order and none have established that the failure was

-6-

harmless. Similarly, Opt-In Plaintiffs Marcelin Blaise, Carl Jacques, Justin Pierre, and Enrique Cruz have not provided substantial justification for their untimely supplementation of discovery responses. The record reflects that ACLO has incurred attorney's fees in filing the present motion for sanctions. Therefore, an award of reasonable expenses is required.

"[A] motion for sanctions under Rule 37, even one which names only a party, places both that party and its attorney on notice that the court may assess sanctions against either or both unless they provide the court with a substantial justification for their conduct." *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1160 (11th Cir. 1993). Thus, "a party listing only its opponent in a motion for sanctions does not absolve the opponent's attorney of potential liability. Instead, the movant merely provides the court with the double option of holding responsible either the opponent or the attorney either under the motion or *sua sponte*." *Id.*[1]

Counsel for Plaintiffs did not oppose the relief requested by ACLO, including the request for an award of reasonable expenses, including attorney's fees and costs. K.E. Pantas, Esq., is the only counsel of record for Plaintiffs. As such, he is necessarily the attorney advising the disobedient Plaintiffs. Accordingly, expenses are appropriately assessed, jointly and severally, against each Opt-In Plaintiff named herein and Attorney Pantas. I recommend that the Court direct counsel for the parties to confer in a good faith effort to resolve the amount of reasonable expenses, including attorney's fees and costs, to be paid, failing which ACLO may file a motion for assessment of such expenses supported by evidence.

---

[1] Plaintiffs and their counsel have been advised of the reasons for an award of sanctions through ACLO's Motion for Sanctions, given two separate extensions of time to respond, and filed a cursory response consenting to essentially all of the requested relief. Therefore, due process has been satisfied.

## III. RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that the Court do the following:

1. **GRANT** in part Defendant ACLO's Motion for Sanctions, Doc. No. 125;

2. **STRIKE** the consents to join filed by all of the Opt-in Plaintiffs named herein other than Marcelin Blaise, Carl Jacques, Justin Pierre, and Enrique Cruz, and **DISMISS** their claims without prejudice;

3. **ORDER** K.E. Pantas, Esq., and the following Opt-in Plaintiffs, jointly and severally, to pay to ACLO the reasonable expenses incurred in filing the present motion and its earlier motion to compel, Doc. No. 104:

| | | |
|---|---|---|
| Bonnie Abbott | Confesor Gomez | Eric Ernst |
| Jimmy Alcius | Eliasin Gonzalez | Mario Etienne |
| Porfirio Andino | Margarita Gonzalez | Summer Fodrie |
| Pierre Antoine | Emma Heim | Edgar G. Fonseca |
| Iluminada Aponte | Delmond Hendry | Melva Ford |
| Franklin Barrios, Jr. | David Holland, Jr. | Efrain Fred |
| Lawrence Bronson | Raymond Hudson | Enrique Grundler |
| Tina Broome | Anita Johnson | Eulogio H. Hernandez |
| Apolinar Cabrera | Charles Johnson | Victor Hernandez |
| Jared Calhoun | Walder Johnson | Carlos Irizarry |
| Robert Coggins | Guerlyn Joseph | Brian Johnson |
| Ernest Corvo | Troy Lea | James Johnson |
| Elizabeth Cunningham | Basil Llewelyn | Poupy P. Josecite |
| Joaquin Diaz | Tanya Lopez | Carmen Lebron |
| Gerald Edwards | Veniel Louis | Jaime Lira |
| Lawrence Edwards | Idel Martinez | Gustavo Maldonado |
| Mandy Ellington | Dunoy Metelus | Max Mallebranche |
| Christopher Farrell | David McLean | Lewis S. Mason, Jr. |
| Damien Felton | Walter McNeal | Osmaro Meralla |
| Jack Fernandez | Wendy Miller | Donna Monsanto |
| Efrain Ferrer | Ronnie Mitchell | Victor L. Moore |
| Jean Fleurvil | Fernando Aguilar | Angel Morales |
| Lyonel Francois | Patrick B. Allen | |
| Miguel Garcia | Noel Arroyo | |
| Wagner Georges | Lenford Brown | |

| | | |
|---|---|---|
| Rohit Naitram | John E. Santiago | Samuel Morehead |
| Marcelin Blaise | Cleveland Simon | Michael Murphy |
| Scott Peters | Bonnie J. Snyder | Leroy Nelson |
| Carol Robinson | Bonnie Spivey | Roberto Nieves |
| Enrique Cruz | Rodney Taylor | Nelson Ortiz |
| Carl Jacques | Cristobal Torres | Victor Pena |
| Shaikh A. Karim | Tousner Valdor | Vionel Pochette |
| Exilien Predelus | German, Jr. Velez | Jean Riche |
| Ernest Lewis | Dianna Wise | Javier Rivera |
| Justin Pierre, Jr. | Marcos A. Cervantes | Michell Russell |
| Jennifer S. Patten | Anita Counts | Calus Saint-George |
| Franck Paul | Natalio R. Docanto | Basim Salahud-Din |
| Jaipaul Persaud | Henri Dorsainvil | Karl Shafer |
| Sergot Pierre | Sures Ramkhalaman | Yuwel Stratman |
| Jose Pinargote | Jean Raphael | Erneau Tercier |
| Dennis Rivera | Francisco Romero | Brenda Turnbull |
| Jose J. Rivera | Jean Vertilus | Rumaldo Urbaez |
| James L. Robinson | Melvin Monterosa | Reinaldo Vasquez |
| Elie Sainfils | | Reginald Virgil |
| William Salmon | | Thomas White |
| | | Claude Zamor |

4. **ORDER** counsel to advise the Court in writing, on or before August 31, 2009, whether an agreement has been reached regarding the amount of reasonable expenses, including attorney's fees, to be paid and, if not, request a schedule for briefing and filing evidence in support of a motion for assessment of such expenses.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2009.



Karla R. Spaulding

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE